UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALKER,

    Plaintiff,

v.

WILLIAM WALKER, et al.,

    Defendants.

_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-489

**REPORT AND RECOMMENDATION**

Plaintiff Wayne Walker paid the filing fee and filed his complaint in this case (*Walker* II) on May 15, 2023. A review of the complaint reveals that its factual allegations are substantially, if not virtually, identical to those set forth in a previous case captioned *Walker v. Walker*, No. 1:23-cv-4 (W.D. Mich.) (*Walker* I). (*Compare Walker* I, ECF No. 1 at PageID.6–8, *with Walker* II, ECF No. 1 at PageID.7–8.) All Defendants named in this action were included as Defendants in *Walker* I.[1] The only discernable difference between the two pleadings is that Plaintiff asserts new legal bases for his claims in this action. (*Walker* II, ECF No. 1 at PageID.4.)

The facts underlying Plaintiff's complaint in this action were fully set forth in the January 19, 2023 Report and Recommendation in *Walker* I, adopted in a Memorandum Opinion and Order with contemporaneous entry of a Judgment on April 19, 2023 (*Walker* I, ECF Nos. 5, 47, and 48),

---

[1] Although Plaintiff filed an amended complaint in *Walker* I (*Walker* I, ECF No. 4), it consisted of nothing more than a list of additional Defendants without any factual allegations and a conclusory assertion that Defendants deprived Plaintiff of "[l]ife[,] [l]iberty and the [p]ursuit of [h]appiness" and committed "[a]cts of [t]errorism, [h]arassment, and constant threats to family." (*Id.* at PageID.14–16.) The amended complaint was construed as supplementing, rather than superseding, the original complaint. (*Id.*, ECF No. 5 at PageID.4.)

and need not be repeated here. In short, Plaintiff's action was dismissed for lack of subject matter jurisdiction.

Because Plaintiff paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

Here, the most appropriate ground for lack for subject matter jurisdiction is that Plaintiff's allegations are no longer open to discussion. As set forth above, Plaintiff's prior action in this Court resulted in a final judgment. Claim preclusion is one prong of the affirmative defense commonly known as res judicata. Although claim preclusion normally must be raised by a defendant, the Supreme Court has held that a district court may raise the defense *sua sponte* in "special circumstances," including where "a court is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (holding that a district court may raise res judicata based on its own prior judgment *sua sponte*). Because the prior judgment was rendered in federal court, the preclusive effect is determined by federal common law. *Taylor v. Sturgell*,

553 U.S. 880, 891 (2008); *see also* Restatement (Second) of Judgments § 87 ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.").

The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

All the requirements for claim preclusion are present. *Walker* I resulted in a final judgment, was between the same parties, and involved the exact same facts that Plaintiff asserts in *Walker* II. The fact that Plaintiff now offers new theories is of no moment because, as set forth above, claim preclusion applies to every ground of recovery that might have been presented. *See Heike v. Central Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 482 (6th Cir. 2014) ("Heike should have brought her Title VI and Title IX claims in her initial complaint alongside her § 1983 claims, and she cannot now avoid the effect of claim preclusion by simply asserting a different theory of recovery."); *Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999) (observing that "by bringing

3

two different suits which present two different theories of the case arising from the same factual situation, counsel has engaged in the precise behavior the doctrine res judicata seeks to discourage" (citing Restatement (Second) of Judgments § 24, 25 cmt. a, d)).

If Plaintiff believed that the prior judgment was entered in error, his remedy was an appeal to the United States Court of Appeals for the Sixth Circuit instead of a new action in this Court based on the same facts. *See Mooney v. Sutherland*, No. 1:12-CV-267, 2013 WL 4829310, at *7 (W.D. Mich. Sept. 10, 2013) ("If plaintiff disagreed with entry of that judgment, then he should have appealed it, rather than simply re-filing the same lawsuit against Sutherland."). His claim is thus barred by the doctrine of claim preclusion.

Accordingly, for the foregoing reasons, I recommend that the Court **dismiss** this action for lack of subject matter jurisdiction as set forth in *Apple*. I further recommend that the Court deny Plaintiff's pending filings (ECF Nos. 2, 3, and 4) as **moot**.

Date:  May 17, 2023                                     /s/ Sally J. Berens          
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).