UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALKER,

    Plaintiff,

v.

WILLIAM WALKER, et al.,

    Defendants.

_____/

Case No. 1:23-cv-489

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, initiated this action ("*Walker* II") on May 10, 2023.[1] On May 12, 2023, the Magistrate Judge determined that the instant action was related to *Walker v. Walker, et al.*, Case No. 1:23-cv-4 (W.D. Mich.) ("*Walker* I"), filed by Plaintiff on January 11, 2023 (ECF No. 7). Plaintiff's initial case, *Walker* I, was dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction on April 19, 2023, following this Court's adoption of the Report and Recommendation in that matter (*see Walker* I, ECF Nos. 47 & 48).

On May 17, 2023, the Magistrate Judge issued a Report and Recommendation in this case, also recommending that the action be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (ECF No. 12). In accordance with 28 U.S.C. § 636(b)(1) and FED.

---

[1] Plaintiff also filed several motions together with his complaint, including a "Motion to suppress all non-disclosure agreements" (ECF No. 3), a "motion to suppress all electronic filings of court documentation from defendants/attorneys" (ECF No. 4), and a proposed order (ECF No. 2).

R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made.

I.

As stated by the Magistrate Judge, "[t]he facts underlying Plaintiff's complaint in this action were fully set forth in the January 19, 2023 Report and Recommendation in *Walker* I, adopted in a Memorandum Opinion and Order with contemporaneous entry of a Judgment on April 19, 2023" (R&R, ECF No. 10 at PageID.39) (citing *Walker* I, ECF Nos. 5, 47, & 48). Here, the Magistrate Judge determined that, because *Walker* I resulted in a final judgment between identical parties and involving identical facts, claim preclusion prevents further consideration of Plaintiff's allegations in this case (*see id.* at PageID.40–42) and recommends dismissal of Plaintiff's claims. The Magistrate Judge further concluded that Plaintiff's "new" legal theories are "of no moment because … claim preclusion applies to every ground of recovery that might have been presented" (*id.* at PageID.41). The Magistrate Judge further explained that, "[i]f Plaintiff believed the prior judgment was entered in error, his remedy was an appeal to the United States Court of Appeals for the Sixth Circuit" and not a new action in this Court (*id.* at PageID.42).

In his objection, Plaintiff *only* asserts legal grounds for subject matter jurisdiction (Pl. Obj., ECF No. 12 at PageID.44–48).[2] Plaintiff does not identify—let alone demonstrate—any factual

---

[2] Plaintiff's asserted grounds for jurisdiction, as similarly noted in this Court's April 19, 2023 Memorandum Opinion and Order in *Walker* I, do not provide Plaintiff, as a private citizen, with a private right of action or the authority to initiate suit based on the federal criminal statutes and United States code regulation cited, or are inapplicable to the facts as alleged. As indicated in his Complaint (ECF No. 1 at PageID.4), in his objection, Plaintiff also cites "18 U.S.C. §§ 1961–1968"; 18 U.S.C. § 2261A–"Stalking"; 18 U.S.C. § 1708–"Theft or receipt of stolen mail matter generally; "The Constitutional Supremacy Clause"; 18 U.S.C. § 2234–"Authority exceeded in executing warrant"; 18 U.S.C. § 2235–"Search warrant procured maliciously"; 44 U.S.C. § 3106–"Unlawful removal, destruction of records"; and 25 C.F.R. § 11.440–"Tampering with or fabricating physical evidence (Pl. Obj., ECF No. 12 at PageID.44–45). *See, e.g., Powers v. United States Post Off.*, No. 1:22-cv-20188, 2022 WL 619809, at *1 (S.D. Fla. Jan. 24, 2022) (dismissing

or legal error in the Magistrate Judge's claim preclusion analysis or ultimate determination that the instant case is properly dismissed.  *See* W.D. Mich. LCivR 72.3(b) (An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections.").  Accordingly, Plaintiff's objection is denied, and the Report and Recommendation is approved and adopted as the Opinion of the Court.

## II.

"The Court under its inherent powers cannot completely foreclose a litigant from access to the court." *Kim v. City of Ionia*, Case No. 1:20-cv-843, 2021 WL 5053967, at *12 (W.D. Mich. Jan. 8, 2021) (citing *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)).  However, "'[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions.'" *Id.* (quoting *Stewart v. Fleet Fin.*, 229 F.3d 1154 (6th Cir. 2000) (table decision)).  Because this is Plaintiff's second filing in this Court against the same Defendants and arising from the same facts, **the Court places Plaintiff on notice that additional lawsuits against the instant Defendants arising from the same facts will result in Plaintiff being placed on Restricted Filer Status or an injunctive order restricting his ability to file identical, repetitive, or frivolous lawsuits in this Court.**  Further events, of course, may inform whether additional restrictions or sanctions are warranted.

---

*pro se* action and stating that "18 U.S.C. § 1708 … is a criminal statute which does not confer a private right of action"); *Harcrow v. Harcrow*, No. 3:18-cv-00828, 2019 WL 3780126, at *9 (M.D. Tenn. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 4410106 (M.D. Tenn. Sept. 16, 2019) (stating that 18 U.S.C. § 2261A does not "create[] a cause of action for damages" as "enacted as part of the Violence Against Women Act … prohibit[ing] interstate stalking and violation of protection orders")*.  See also Walker* I, Memo. Op. & Or., ECF No. 47 at PageID.189–191 (rejecting Plaintiff's asserted grounds for jurisdiction as lacking merit).

### III.

Accordingly, Plaintiff's objection is denied, and the Report and Recommendation is approved and adopted as the Opinion of the Court.  For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Objection (ECF No. 12) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 10) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED for the reasons stated herein and in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the pending motions and proposed order (ECF Nos. 2, 3, & 4) are DISMISSED as moot.

A Judgment consistent with this Opinion and Order will enter.  *See* Fed. R. Civ. P. 58.


Dated:  June 9, 2023                                                                  /s/ Jane M. Beckering
                                                                                                    JANE M. BECKERING
                                                                                                    United States District Judge